UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
YVONNE GOODMAN,                     )
                                    )
            Plaintiff,              )
                                    )
    v.                              )    Civil Action No.
                                    )    14-12585-FDS
MAIN SPRINGS, et al.,               )
                                    )
            Defendants.             )
_____ )

# MEMORANDUM AND ORDER

**SAYLOR, D.J.**

For the reasons set forth below, the Court will (1) grant plaintiff's application to proceed in district court without prepaying fees or costs; (2) grant the motion to dismiss for failure to state a claim filed by the Town of Avon; (3) deny the motion to dismiss for insufficient service of process filed by the Town of Avon as moot; (4) dismiss this action in its entirety; and (5) certify that any appeal would not be taken in good faith.

## I.  Background

On June 20, 2014, plaintiff Yvonne Goodman, a resident of Brockton, submitted for filing a two-page, handwritten complaint. The caption of the complaint identifies the defendants as follows: "Main Springs, Police Department, DCF, Superior, District, (Brockton/Boston) c/o Table of Content towns & counties: Post Office & United States of America." The complaint is entitled "Complaint of the above Entitled Defendants." The factual allegations are rambling and consist of a number of disjointed statements. Plaintiff appears to complain that there has been "rape on minor & adults" through the "improper use of a devise [sic] created by the CIA, FBI." She complains of mutation, mulalation [sic], kidnaping, impersonation, hostage citations and the [

] creation of vampires, devils, etc." Plaintiff alleges that "documents [were] stolen and rewritten so the FBI CIA and residence of said filing conducted from the year of 2006 to present mainly [ ] If from Main Springs which the call a operation rape and biting to give eternal life . . ."

With her complaint, plaintiff filed an application to proceed in district court without prepaying fees or costs; a motion for emergency hearing; and affidavit and a two stipulations.

Plaintiff's motion for emergency hearing was denied on June 20, 2014. On August 5, 2014, the Town of Avon filed motions to dismiss for failure to state a claim and insufficient service. The motions are unopposed.

## II.     The Application to Proceed in District Court Without Prepaying Fees

The fees for filing a civil complaint include the $350 filing fee and the $50 administrative fee, *see* 28 U.S.C. § 1914(a) ($350 filing fee for all non-habeas civil actions) and indigent litigants may file a motion for leave to proceed without prepayment of the filing fee, *see* 28 U.S.C. § 1915 (proceedings *in forma pauperis*).[1] With her application, plaintiff submitted a bank statement revealing an available balance of $4.64. Although the application is not complete, the Court finds that she lacks sufficient funds to pay the filing fees to pursue this action.

## III.    The Complaint Is Subject to Dismissal

### A.     Legal Standards

#### 1.     Screening Pursuant to 28 U.S.C. § 1915 (e)(2)

Because plaintiff has sought to file her complaint without the prepayment of the filing fee, summonses have not issued in order to allow the Court to review the complaint to determine if it satisfies the requirements of section 1915 of Title 28, the federal *in forma pauperis* statute. *See*

---

[1] The $50 administrative fee became effective May 1, 2013. *See* Judicial Conference Fee Schedule.

28 U.S.C. § 1915. Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915 (e) (2). When there is no arguable or rational basis in law or fact for a claim, the action may be dismissed *sua sponte* and without notice under Section 1915. *Neitzke*, 490 U.S. at 327-328 (interpreting the former § 1915 (d)); *accord Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("clearly baseless" actions may be dismissed); *see also Mack*, 204 F. Supp. 2d at 166; *Street v. Fair*, 918 F.2d 269 (1st Cir. 1990) (§ 1915(d) *sua sponte* dismissals do not require notice to plaintiff with opportunity to respond if the claim is based on an "indisputably meritless legal theory" (such as where defendants are clearly immune)). A district court may also dismiss a complaint *sua sponte,* regardless of whether or not payment of the filing fee has been received, where the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) (citations omitted).

### 2. Dismissal for Failure to State a Claim Pursuant to Rule 12(b)(6)

To survive a motion to dismiss, a complaint "must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,' and allege 'a plausible entitlement to relief.'" *Decotiis v. Whittemore*, 635 F.3d 22, 29 (1st Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 559 (2007)). To determine whether the factual allegations in the complaint are sufficient to survive a motion to dismiss, the Court "employ[s] a two-pronged approach." *Soto-Torres v. Fraticelli*, 654 F.3d 153, 158 (1st Cir. 2011). "The first prong is to

3

identify the factual allegation and to identify statements in the complaint that merely offer legal conclusions couched as facts or are threadbare or conclusory." *Id.* The second prong is to assess whether the factual allegations "'allow [ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 159 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). If they do, "the claim has facial plausibility." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). "The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." *Soto-Torres*, 654 F.3d at 159 (quoting *Sepúlveda-Villarini v. Dep't. of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010)). Moreover, a *pro se* plaintiff, here Goodman, is entitled to a liberal reading of her allegations, no matter how inartfully pleaded. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004).

B. <u>Analysis</u>

The Town of Avon has filed motions to dismiss on behalf of the "Police Department" defendant despite the fact that it is not named as a defendant. Plaintiff has not opposed these motions. Apparently, the Town of Avon Police Department received a fax of plaintiff's complaint, which identifies a "Police Department" in the case caption. At this stage of the proceeding, and because plaintiff has sought to proceed *in forma pauperis*, the clerk has not issued summonses for service of the defendants. To the extent dismissal is sought for insufficient service of process, the motion is premature at best. Because summons have not issued, the 120–day provision in Rule 4(m) has not been triggered. *See* Fed. R. Civ. P. 4(m).

More fundamentally, and even construing the complaint generously, it is impossible to discern any facts or allegations that suggest an entitlement to relief. The allegations appear

4

entirely baseless in fact qualify as "fanciful or delusional scenarios." *See Neitzke v. Williams*, 490 U.S. at 327. The allegations are factually without merit, fail to support a meritorious legal theory and are vexatious.[2] Thus, the entire complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii).

### C. Certification That Any Appeal Would Not Be Taken in Good Faith

Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), this Court finds, and hereby certifies, that any appeal taken by plaintiff of the dismissal of this action would not be taken in good faith, for the reasons set forth in this memorandum and order. Such a certification prohibits *in forma pauperis* status on appeal even though a plaintiff has been found to be indigent.

Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.* Similarly, under Fed. R. App. P. 24(a)(3), a party who has been permitted to proceed *in pauperis* in the district court may proceed on appeal *in forma pauperis* without further authorization, *unless* the district court certifies that the appeal is not taken in good faith. *Id.* (emphasis added). Plaintiff may seek permission to appeal *in forma pauperis* from the Court of Appeals.

## IV. Conclusion

Based on the foregoing, plaintiff Yvonne Goodman's application to proceed in district court without prepaying fees or costs is GRANTED; (2) the motion to dismiss the complaint for insufficient service of process is DENIED as moot; (3) the motion to dismiss the complaint for failure to state a claim against the police department is GRANTED; the claims against all

---

[2] Vexatious conduct occurs where a party's actions are frivolous, unreasonable or without foundation. *Local 285 Service Employees Intern'tl v. Nonotuck Resources Assoc., Inc.*, 64 F.3d 735, 737 (1st Cir. 1995).

defendants are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2); and this Court certifies that any appeal taken by the plaintiff of the dismissal of this action would not be taken in good faith.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: October 27, 2014